UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH CARTWRIGHT,

        Plaintiff,                            Case Number 14-12548
                                                  Honorable David M. Lawson
v.                                                 Magistrate Judge Mona K. Majzoub

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT

The plaintiff filed the present action on June 30, 2014 seeking review of the Commissioner's decision denying the plaintiff's claim for disability insurance benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Mona K. Majzoub under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Majzoub filed a report on March 30, 2016 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections, and the defendant filed a response. The matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now 51 years old, filed his application for disability insurance benefits on January 26, 2012, when he was 46. He finished high school and has held unskilled jobs as a courier and interviewer. In the application that is the subject of the present appeal, the plaintiff

alleged a disability onset date of May 10, 2011. The plaintiff has been diagnosed with lumbar facet disc disease, spondylosis, and osteoporosis, and his left knee was surgically replaced.

The plaintiff's application for disability benefits was denied initially on April 23, 2012. The plaintiff timely filed a request for an administrative hearing, and on January 22, 2013, the plaintiff appeared before Administrative Law Judge (ALJ) Renita Barnett-Jefferson. On March 25, 2013, ALJ Barnett-Jefferson issued a written decision in which she found that the plaintiff was not disabled. On May 1, 2014, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. The plaintiff filed his complaint seeking judicial review on June 30, 2014.

ALJ Barnett-Jefferson reached her conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. She found that the plaintiff had not engaged in substantial gainful activity since May 10, 2011 (step one); the plaintiff suffered from lumbar facet disc disease, spondylosis, and osteoporosis, and he had a history of left knee replacement, impairments which were "severe" within the meaning of the Social Security Act (step two); none of those impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff had the functional capacity to perform light unskilled work in either of his previous occupations as a courier or interviewer (step four). Despite her finding at step four that the plaintiff could perform work from his past relevant occupations, the ALJ proceeded to step five of the five-step analysis and also made an alternative finding that the plaintiff had the residual functional capacity to perform other types of work.

In applying the fourth and fifth steps, the ALJ concluded that the plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b), with the limitations that he (1) required a sit or stand option and would need to change positions every 45 to 60 minutes;

(2) would be limited to only occasional pulling of foot controls with his left leg; (3) could only occasionally climb ramps and stairs, and could never climb ladders, ropes, or scaffolds; (4) can frequently balance, but can only occasionally stoop, kneel, or crouch, and can never crawl; (5) would be "limited to [in]frequent fingering"; (6) must avoid "concentrated exposure" to unprotected heights, hazardous moving mechanical parts, and vibration; and (7) could perform only simple tasks. A vocational expert testified that the plaintiff could perform unskilled light work such as parking lot attendant (396 jobs in Michigan and 21,834 nationwide), toll collector (950 jobs statewide and 31,596 nationally), and "marker" (9,116 jobs statewide and 267,662 nationally). Based on those findings and using Medical Vocational Rule 202.20 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

The plaintiff submitted objections without any identifying numbers or subject headings, but they appear to be topicly discrete. The objections mainly replicate his arguments in his motion for summary judgment, which the magistrate judge addressed point by point. The basic thrust of the arguments is that the ALJ cherry-picked the evidence from the record to support her non-disability conclusion, and failed to consider the record as a whole. If that were true, of course, error likely would result. A substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir.1992); *see also Laskowski v. Apfel*, 100 F. Supp. 2d 474, 482 (E.D. Mich. 2000). But that is not the case here. As the magistrate judge adequately demonstrated, the record supports the conclusion that the plaintiff has the capacity to

perform a limited range of light work, which includes work from his previous occupations. No treating or consulting physician has offered any opinion that suggests a contrary conclusion. The plaintiff has the burden to prove that he is disabled and therefore entitled to benefits. *Boyes v. Sec'y of Health & Human Servs.,* 46 F.3d 510, 512 (6th Cir. 1994); *Abbott v. Sullivan,* 905 F.2d 918, 923 (6th Cir. 1990).

### 1. First Objection

In his first objection, the plaintiff argues that the ALJ made findings contrary to the medical record, where she found that the plaintiff had "bilateral lower extremity pain secondary to lumbar disc herniation, [and] extruded herniation," but also concluded that there was no evidence of "on-going compromise of a nerve root or spine cord, along with evidence of nerve root compression," which, the plaintiff contends, is merely another way of phrasing the same medical diagnosis. The plaintiff argues, therefore, that the ALJ affirmatively found that the plaintiff had medical symptoms that equaled a listing in the regulations, but inexplicably concluded that no listing was met.

The defendant responds that the plaintiff has not offered any substantial medical authority to support this position, which he also advanced in his earlier briefing, and that he has failed to point out how, specifically, the ALJ's findings are contradictory.

The Court agrees with the magistrate judge's conclusions incorporated into her discussion of the argument at pages 11 through 13 of her report and adopts them here. The first objection will be overruled.

2. Second Objection

In his second objection, the plaintiff argues that the ALJ improperly disregarded portions of medical treatment notes made by Diane Czuk-Smith, M.D., his treating physician, where those notes expressed the conclusion that the plaintiff was "limited by discogenic pain and bilateral lumbar facet syndrome." The plaintiff argues that the ALJ did not explain any good reason for disregarding those portions of Dr. Czuk-Smith's notes, but merely overlooked parts of the medical record that were inconsistent with a finding of no disability.

The defendant responds that the ALJ's decision indicates that she did consider all of Dr. Czuk-Smith's findings, even if those findings were not discussed entirely verbatim in the written decision, and in any event the mere fact that the plaintiff was diagnosed with a medical condition does not establish the severity of that condition, or its effect on his functional capacity.

It would have been helpful, of course, had the ALJ addressed specifically the phraseology omitted from the quote of Dr. Czuk-Smith's records. But that omission does not detract from the ultimate conclusion that substantial evidence supports the ALJ's determination of the plaintiffs residual functional capacity. Residual functional capacity is an "assessment of [the claimant's] remaining capacity for work," once his limitations have been considered. 20 C.F.R. § 416.945(a). It is meant "to describe the claimant's residual abilities or what the claimant can do, not what maladies a claimant suffers from — though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 240 (6th Cir. 2002). As the magistrate judge pointed out, the record supports the plaintiff's ability to engage in a limited range of light work.

### 3. Third Objection

In his third objection, the plaintiff argues that the ALJ improperly gave disproportionate weight to observations from the initial part of a two-year span during which the plaintiff was treated for his back and leg conditions, incorrectly extrapolating observations of mild symptoms to later periods, and disregarding medical evidence of his degenerative condition. The plaintiff also argues that the ALJ improperly substituted her own opinion for that of the plaintiff's treating physicians where she determined that the plaintiff's back surgery was "not necessary," and then relied on that finding in determining that the plaintiff's testimony about the severity of his conditions was not credible. The plaintiff contends that the ALJ and the magistrate judge, rather than considering the medical record as a whole, simply adopted the premise that the plaintiff was not disabled, and then disregarded all medical evidence to the contrary.

The defendant responds that even if the ALJ's conclusion about the medical necessity of the plaintiff's back surgery was in error, that was only one of many items of medical record evidence recited by the ALJ in support of her finding that the plaintiff was not disabled, and the plaintiff's position ignores all of the other substantial record evidence supporting that finding that was cited by the ALJ, and which the plaintiff has not made any effort to impeach.

The Commissioner has the better argument here. The record shows that the plaintiff engaged in a number of daily activities that were consistent with the ALJ's residual functional capacity finding. The ALJ also noted that "the claimant's record does not contain any opinion evidence. Not one of the claimant's treating providers gave a medical opinion on the claimant's ability to perform work-related activities; nor is there any opinion from a non-medical third party." Tr. 23 (citations omitted). The plaintiff's third objection will be overruled.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #24] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #25] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #20] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #22] is **GRANTED**.  The findings of the Commissioner are **AFFIRMED**.

                                              s/David M. Lawson
                                              DAVID M. LAWSON
                                              United States District Judge

Dated:   September 30, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 30, 2016.

                              s/Susan Pinkowski
                              SUSAN PINKOWSKI